Harris County Water Control and Improvement
District No. 39 et al v. J. G. Albright, et al

No. A-4364. Decided January 16, 1954.
Rehearing overruled February 10, 1954.
(263 S.W. 2d Series 944)

*Burke Holman, Fred Halbkat, I. J. Saccomanno and Robert J. Jircik,* all of Houston, for appellants.

On the proposition that the statute under which the district was created is a valid district appellants cite Pressler v. Illinois, 116 U.S. 252; County School Trustees of Orange County v. District Trustees of Prairie View Common School Dist. No. 8, 137 Texas, 125, 153 S.W. 2d 434; Galveston & Western Ry. Co. v. City of Galveston, 96 Texas 520, 74 S.W. 537.

*Eugene A. Smith* and *Herman W. Mead,* both of Houston, for appellees.

On the unconstitutionality of Article 7880-3a appellees cite Deason v. Orange County W. C. & I. D. 151 Texas 29, 244 S.W. 2d 981; Burroughs v. Lyles, 142 Texas 704; 181 S.W. 2d 570; San Antonio & A. P. Ry. Co. v. State, Com. App. 95 S.W. 2d 680.

MR. JUSTICE CALVERT delivered the opinion of the Court.

This is a direct appeal from a judgment of the 125th District Court of Harris County prosecuted under authority of Rule 499a, Texas Rules of Civil Procedure.

Appellant District lies wholly within Harris County and was created by order of the State Board of Water Engineers.

Appellees as resident, tax-paying and qualified voters in appellant district, owning real property therein subject to taxation, sought and obtained an injunction against appellant district and its directors restraining and enjoining the processing and sale of bonds of the district in the sum of $975,000 and the levy and collection of a tax to pay such bonds and the interest thereon. The basis of the suit was the asserted invalidity of the order of the State Board of Water Engineers creating the district, it being contended that the statute under which the State Board purported to act had been declared unconstitutional by this Court in Deason v. Orange County Water Control and Improvement District No. 1, 151 Texas 29, 244 S.W. 2d 981, and, in any event, that the statute conferred the power to create the district on the Commissioners' Court of Harris County rather than on the State Board.

No fact issues were involved and both parties filed motions for summary judgment. The motion of appellees was sustained, the trial court in its conclusions of law sustaining both of appellee's contentions.

We are met at the outset with a motion by appellees to dismiss the appeal on the theory that Rule 499-a does not authorize it.

The pertinent portion of Rule 499-a reads as follows: "(b) An appeal to the Supreme Court directly from such a trial court may present only the constitutionality or unconstitutionality of a statute of this State, or the validity or invalidity of an administrative order of a state board or commission under a statute of this State, when the same shall have arisen by reason of the order of a trial court granting or denying an interlocutory or permanent injunction."

The particular reasons advanced by appellees in support of their motion to dismiss are these: (1) the trial court did not declare the statute involved unconstitutional but found that it had theretofore been declared unconstitutional by the Supreme Court in the Deason case, supra, and simply applied the rule of stare decisis; (2) the judgment of the trial court did not enjoin

the enforcement of the order of the State Board of Water Engineers but only enjoined the sale of the bonds and the levy of a tax, and (3) the State Board of Water Engineers is not a party to the suit.

It is sufficient to the jurisdiction of this Court if the appeal lies under either the first or the serond part of the rule. Because we are of the opinion that it lies under the second part, we need not notice the first part.

■ The trial court's judgment granting the injunction against the sale of the bonds and the levy of the tax by the directors of the district was based entirely on its conclusion that the State Board's order was invalid. That this brings the appeal within the second part of the rule is settled by the opinion of this court in Board of Water Engineers et al v. Colorado Municipal Water Dist., 152 Texas 77, 254 S.W. 2d 369. There is no language in the rule indicating that the state board or commission issuing the order must be a party to the suit in order for the direct appeal to lie. The motion to dismiss is overruled.

Passing to a consideration of the main issues in the case, we do not agree with the conclusions of the trial court on which its judgment was based.

It was not the intention of this court in the Deason case to declare the whole of Article 7880-3a, C.A.C.S., unconstitutional, nor do we now regard that as a necessary result of our holding in that case.

Title 128, Chapter 3A, Vernon's Annotated Civil Statutes, covering and including Articles 7880-1 through 7880-147z1, deals with water and improvement districts. Article 7880-3a was added by Acts of the 41st Legislature in 1929, and prior to amendment by Acts of the 47th Legislature in 1941, the pertinent part thereof read as follows:

"The water control and improvement districts now existing, or hereafter to be created, may include in their purposes and plans all works, facilities, plants and appliances, in any, all, manners incident to, helpful or necessary to the collection, transportation, processing, disposal and control of all domestic, industrial, or communal wastes, whether of fluids, solids or composites, and further to gather, conduct, divert and control local storm waters, or other local harmful excesses or water: * * *"

By the amendment of 1941 the colon at the end of the foregoing quotation was removed and these words were added: "and to purchase, own, and operate fire engines and all necessary fire-fighting equipment and appliances."

In the Deason case the issuance and sale of bonds of the Orange County Water Control and Improvement District No. 1 was attacked on the ground that a substantial part of the proceeds was to be used for fire-fighting purposes, appliances and equipment, it being contended that the statutory provivsion authorizing the issuance of bonds by the district for such purposes was unconstitutional. That contention was sustained. That was the only attack made on the constitutionality of the article. It was the only question before the court and was the only one ruled on by the court. It certainly does not follow as a necessary result that the whole of the article either was or must be declared unconstitutional and invalid.

■ The remainder of Article 7880-3a falls as a result of the Deason opinion and judgment only if it appears that the offending provision is not separable from the remainder. We will hold it separable unless it appears that the Legislature would not have enacted the section without the offending provision, or that the remainder does not present an independent, complete and workable whole without it. City of Dallas v. Love, Tex. Civ. App., 23 S.W. 2d 431, aff., 120 Texas 351, 40 S.W. 2d 20; San Antonio Ind. School Dist. v. State, Tex. Civ. App., 173 S.W. 525, writ refused, 9 Tex. Jur., Constitutional Law, § 56, pp. 473-474; City of Taylor v. Taylor Bedding Mfg. Co., Tex. Civ. App., 215 S.W. 2d 215, writ refused. The legislative history of the article establishes beyond question that the legislature would have enacted the remainder thereof without the offending provision because it had done so. Moreover, the remainder of the article was a complete and workable whole before the offending provision was added in 1941 and it remained so after that provision was stricken by this court in the Deason case.

■ Appellees contend that since the act contained no savings or severability clause the entire act fell when a part fell. Undoubtedly, the absence of a savings clause in a legislative act is an important factor in determining the ultimate effect on the whole act of striking a part, Burroughs v. Lyles, 142 Texas 704, 181 S.W. 2d 570, but that factor alone is by no means all-controlling. State v. Calhoun County, 126 Fla. 376, 170 So. 883,886; Ettinger v. Studevent, 219 Ind. 406, 38 N.E. 2d 1000,1003.

Chapter 3A of Title 128, V.A.C.S., was enacted by the 39th Legislature in 1925. As originally enacted the chapter contained two articles dealing with jurisdiction to form water control and improvement districts. Article 7880-13 read and now reads as follows: "When the land to be included in a district lies within one county, the formation thereof shall be considered and ordered by the county commissioners' court, and when the land in such a district is in two or more counties the formation thereof shall be considered and ordered by the State Board of Water Engineers." The pertinent part of Article 7880-21 then read substantially as it does now, as follows: "The State Board of Water Engineers are hereby constituted a commission for the purpose of, and to have exclusive jurisdiction and power to hear and determine all petitions for organization of a district which is proposed to include lands or property situated in two or more counties * * *." Prior to the enactment of Article 7880-3a (quoted above) in 1929, however, there was no provision for the formation of districts with power to include in their purposes and plans facilities for controlling "all domestic, industrial or communal wastes, whether of fluids, solids or composites," and the same article which added this as one of the purposes for which a district might be organized provided that "The duty to hear and determine petitions for the creation of a district proposed to exercise the powers and functions in this section provided shall, exclusively, be vested in the State Board of Water Engineers of the State of Texas who shall hear and determine the same under the applicable provisions" of Article 7880-21.

It is in the light of the foregoing statutory provisions that appellees contend, and the trial court held, that jurisdiction to hear and determine the petition for formation of the district lay with the Commissioners' Court of Harris County and not with the State Board of Water Engineers. That one of the purposes for which the district was organized was the disposal of sewage for the property owners within the district is not challenged by appellees. What they do contend is that Articles 7880-13 and 7880-21 deal specifically with jurisdiction to hear and determine organizational petitions and should control over the general provisions of Article 7880-3a, and that since appellant district lies wholly within Harris County jurisdiction to hear and determine the organizational petition was vested in the Commissioners' Court of that county.

We do not agree with appellees on this phase of the case. Articles 7880-13 and 7880-21 were in effect when Article 7880-3a was enacted, and with full knowledge of their provisions the

Legislature in enacting Article 7880-3a specifically provided that "the duty to hear and determine petitions for the creation of a district proposed to exercise the powers and functions" in that article provided should "exclusively be tested in the State Board of Water Engineers of the State of Texas," who should hear and determine the same under the applicable provisions of Article 7880-21—the existing article which conferred jurisdiction on the State Board to hear and grant petitions where the property was in two or more counties.

■ In addition to presenting the foregoing questions which were decided favorably to them by the trial court, appellees contend here that the provision of Article 7880-3a conferring jurisdiction on the State Board of Water Engineers to hear and determine organizational petitions is unconstitutional and invalid because the same was not sufficiently expressed in the caption of the legislative act to comply with the requirement of Article III, Section 35 of the Constitution.

House Bill 489 and the caption thereof (Acts 41st Legislature, 1929, Chapter 280, page 578) are much too long to be copied here. The bill amended many sections of the then-existing water control and improvement district law and added many new sections thereto. In addition to adding a new section which now appears as Article 7880-3a in Vernon's Annotated Civil Statutes, it amended what was Article 7880-21, V.A.C.S., dealing with the presentation of organizational petitions to the State Board of Water Engineers where the proposed district included territory in two or more counties. The caption of the bill contained this clause: "Also prescribing the method by which these districts may be created or these powers be assumed." We hold this part of the caption sufficient to give fair notice of all provisions of the act dealing with methods of creating districts. Consolidated Underwriters v. Kirby Lumber Co., Tex. Com. App., 267 S.W. 703, 705, 39 Tex. Jur., Statutes, Sec. 45, p. 96, et seq.

The validity of Article 7880-3a and of the order of the State Board of Water Engineers are sustained against the attacks made on them in this case. It follows that the judgment of the trial court is reversed, the injunction granted by it is dissolved and the appellants' motion for summary judgment is granted.

Opinion delivered January 6, 1954.

Rehearing overruled February 10, 1954.