

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 15, 1959

Honorable Durwood Manford, Chairman
Board of Water Engineers
P. O. Box 2311
Capitol Station
Austin, Texas

Opinion No. WW-703

Re: Does Article 7880-21, as appli-
cable to a petition filed with
the Board of Water Engineers
seeking additional powers pursuant
to Art. 7880-3a, include the require-
ment of Art. 7880-12, that the peti-
tion or certified copy thereof be
filed with the County Clerk of each
affected County.

Dear Mr. Manford:

In your letter you state the following facts:

"A petition duly signed by more than fifty tax-paying
holders of title to lands in Dallas County Water Con-
trol and Improvement District No. 6, created by or-
der of the Dallas Commissioners' Court on July 23,
1951, has recently been filed with this Board seek-
ing additional powers for disposal of waste and
providing facilities and service under the provisions
of Article 7880-3a, V.A.C.S. . . . .

"Article 7880-12 provides for the filing of the peti-
tion for the organization of a water control and im-
provement district with the County Clerk of each
affected county and states that the petition shall be
recorded in a book kept for that purpose in the
office of the County Clerk. Rule 630.2(b), Rules,
Regulations and Modes of Procedure of the Board
of Water Engineers, 1955 Revision, referring to

such proceedings, requires a certificate from the
County Clerk of each affected county that the peti-
tion or certified copy thereof has been filed in
his office in accordance with Article 7880-12. The
Board has instructed petitioners to file the peti-
tion or a certified copy thereof with the Dallas
County Clerk in accordance with the above rule.
However, petitioners, through their attorney,
have informed the Board that the Dallas County
Clerk refuses to file the petition for the reason
that there is no statutory authority for him to do
so."

You then ask our opinion concerning the following questions:

"1. Does Article 7880-21, as applicable to a
petition filed with the Board of Water Engineers
seeking additional powers pursuant to Article
7880-3a, include the requirement of Article
7880-12, that the petition or certified copy thereof
be filed with the County Clerk of each affected
county.

"2. If question No. 1 is answered in the affirma-
tive, does a County Clerk have statutory authority
and responsibility to file such petition or certified
copy thereof when presented to him in the proper
form and accompanied by appropriate fees."

Article 7880-12, V. C. S., provides that a petition for the or-
ganization of a water control and improvement district (hereinafter
abbreviated as W. C. I. D. ) shall be filed in the office of the county clerk
of each county in which the district is situated and shall be recorded in a
book kept for that purpose in the office of the county clerk.

Article 7880-21, V. C. S., provides that the Board of Water
Engineers shall have exclusive jurisdiction to hear petitions for the or-
ganization of a W. C. I. D. which is proposed to include lands situated in
two or more counties. It states that "upon the filing of such petition" the
Board shall give notice in a prescribed manner and hear the petition in
the manner provided by law. The "filing of such petition" which invokes
the jurisdiction of the Board is the filing of the petition with the Board
and not the filing with the county clerk. Lovett v. Cronin, 245 S. W. 2d

519 (Civ. App. 1951). A failure to file the petition with the county clerk before a hearing on the petition by the Board, when the Board gave proper notice as required by Article 7880-21, was held to be "only an irregularity which did not make the creation of the district void." Lovett v. Cronin, supra at 522. Presumably to avoid this situation in the future, the Board included in its rules of procedure in 1955 the requirement that a petition for the creation of a W. C. I. D. be accompanied by "a certificate from the County Clerk of each affected county that the petition or a certified copy thereof has been filed in his office, in accordance with Article 7880-12." Rule 630.2(b)(5), Rules, Regulations and Modes of Procedure, Board of Water Engineers, 1955 Revision.

In most situations, when the lands to be included in a district lie wholly within one county, as in the case of Dallas County W. C. I. D. No. 6, "the formation thereof shall be considered and ordered by the county commissioners' court", the jurisdiction of the Board of Water Engineers being reserved for districts embracing lands in more than one county. Article 7880-13, V. C. S. For this reason, Dallas County W. C. I. D. No. 6 was originally created by order of the Dallas County Commissioners' Court. However, under the provisions of Article 7880-3a, exclusive jurisdiction is vested in the Board of Water Engineers to hear and determine petitions for the creation of a W. C. I. D. embracing any of the following matters:

> "All works, facilities, plants, equipment, and appliances in any and all manner incident to, helpful or necessary to the collection, transportation, processing, disposal, and control of all domestic, industrial, or communal wastes, whether of fluids, solids, or composites, and to gather, conduct, divert, and control local storm waters, or other local harmful excesses of water. . . ." Article 7880-3a[1].

The Board has exclusive jurisdiction to hear and determine

---

1. An amendment in 1941 adding to this list the power to operate fire engines and fire-fighting equipment was declared unconstitutional, not, however, affecting the validity of the remainder of the statute. Harris County W. C. I. D. v. Albright, 153 Tex. 94, 263 S. W. 2d (1954); Deason v. Orange County W. C. I. D. No. 1, 151 Tex. 29, 244 S. W. 2d 981 (1952).

such petitions even though the lands to be included in the district lie wholly within one county. Harris County W. C. I. D. v. Albright, 153 Tex. 94, 263 S. W. 2d 944 (1954); Lovett v. Cronin, supra.

Thus even though Dallas County W. C. I. D. No. 6 was created in 1951 by a County Commissioners' Court, it was necessary to file a petition with the Board of Water Engineers in order to apply for the above-listed powers.

In hearing petitions for the creation of a W. C. I. D. having the powers listed in Article 7880-3a, the Board of Water Engineers must "hear and determine the same under the applicable provisions of Section 5 of Chapter 280, Acts of the Regular Session of the Forty-first Legislature /¯Article 7880-21_/ " Article 7880-3a(6). Thus such a petition should be filed with the appropriate county clerk, although the Board's jurisdiction to hear the petition is invoked as soon as the petition is filed with the Board Lovett v. Cronin, supra (which involved a petition filed under Article 7880-3a).

Article 7880-3a also provides for petitions to add the listed powers to W. C. I. D.'s "now existing, or hereafter to be created" and states that any such district which "did not at the time of its creation have conferred upon it the powers in this Section provided for, may receive and assume the additional powers by this Section provided for in the same manner and by the same procedures as are provided for in this Section. . . . /¯with certain provisions concerning elections_/ " Article 7880-3a(7). Thus such a petition for additional powers should also be heard and determined under the applicable provisions of Article 7880-21, and by virtue of the statutes as interpreted in the Lovett case, supra, such a petition should also be filed with the appropriate county clerk.

The answer to your first question is that a petition (or a certified copy thereof) filed with the Board of Water Engineers seeking additional powers pursuant to Article 7880-3a should also be filed with the county clerk of each county in which the district is situated. The jurisdiction of the Board to hear and determine the petition is invoked by the filing of the petition with the Board and does not depend on its filing with the county clerk; but by virtue of the rules of procedure adopted by the Board, such a petition filed with the Board should be accompanied by evidence that it was filed with the county clerk.

The answer to your second question is that the county clerk does have statutory authority and responsibility to file such a petition or certified copy thereof when presented to him in the proper form and accompanied by appropriate fees, such responsibility arising from Article 7880-12,

V. C. S. Such petitions should be recorded by the county clerk in the book provided for the recording of petitions for the organization of W. C. I. D.s.

## SUMMARY

A petition, or certified copy thereof, filed with the Board of Water Engineers seeking additional powers pursuant to Article 7880-3a should also be filed with the county clerk of each county in which the district is situated. The jurisdiction of the Board to hear and determine the petition is invoked by the filing of the petition with the Board and does not depend on its filing with the county clerk.

The county clerk has statutory authority and responsibility to file such a petition or certified copy thereof when presented to him in the proper form and accompanied by appropriate fees by virtue of Article 7880-12. Such petitions should be recorded by the county clerk in the book provided for the recording of petitions for the organization of water control and improvement districts.

Yours very truly,

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

B. H. Timmins, Jr.
C. Dean Davis
William E. Allen
Jay D. Howell

WILL WILSON
Attorney General of Texas

By: James D. McKeithan
James D. McKeithan
Assistant Attorney General

REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. Geppert