**Ralph BLACK d/b/a Allied Bonding Agency, et al., Appellants,**

v.

**DALLAS COUNTY BAIL BOND BOARD, Appellee.**

No. 05–93–01037–CV.

Court of Appeals of Texas, Dallas.

March 30, 1994.

Rehearing Denied Aug. 15, 1994.

Randy Adler, Dallas, Carolyn Findley Price, Arlington, for appellants.

Henry J. Voegtle, Dallas, Texas, for appellee.

Before BAKER, OVARD and MALONEY, JJ.

## OPINION

BAKER, Justice.

Appellants[1] sought a declaratory judgment that Dallas County Bail Bond Board's (the Board) local rule B–12 was invalid. Appellants and the Board filed cross motions for summary judgment. They also filed a joint stipulation of facts and evidence. The trial court granted the Board summary judgment. Appellants contend the trial court erred in finding rule B–12 does not exceed the Board's rule-making authority. They also claim the rule violates the separation of powers provision of the Texas Constitution. We find rule B–12 violates the separation of powers provision of the Texas Constitution. We sustain appellants' point of error. We reverse the trial court's judgment and render judgment for appellants.

## RULE B–12

In October 1988, the Board adopted rule B–12 which became effective October 20, 1988. The rule provides:

(a) All sureties are responsible for and shall pay all necessary and reasonable expenses incurred by the Dallas County Sheriff's Department relating to the rearrest of any defendant whose bond has been forfeited or whose surety has filed an affidavit to surrender the principal.

(b) Upon rearrest of the principal and return to Dallas County, a cost invoice shall be furnished to the surety by the Dallas County Sheriff's Department. Said invoice shall enumerate the expenses incurred in the rearrest and return and may be sent to the surety by the U.S. Mail to the last address furnished by the surety to the Sheriff's Department.

(c) If a surety disagrees with the amounts being billed, he may, within 10 days of the date of the invoice, notify in writing the Dallas County Sheriff's Department and point out specifically the items with which he disagrees. After reconsideration, the Sheriff's Department shall furnish another invoice showing the amount due. There shall be no appeal of this second invoice.

(d) The amount shown on the last invoice provided pursuant to this rule must be paid within 30 days of the date of the invoice.

## APPELLANTS' CONTENTIONS

Appellants requested a declaration that rule B–12 exceeded the Board's rule-making authority. Appellants argued that the legislature preempted the Board's authority to enact a rule that determines the rearrest costs and provides for collection of these costs. Appellants claimed that the legislature's 1981 amendments to article 2372p–3 narrowed the Board's rule-making authority. They requested a declaration that rule B–12 violated the separation of powers provision of the Texas Constitution. Appellants argued that rule B–12 usurped the judiciary's power to adjudicate a surety's disputed property right. They claimed rule B–12 violated the separation of powers provision because the sheriff's department determines the amount of rearrest costs. Rule B–12 also provides for collection of the costs.

## APPLICABLE LAW

### A. Standard of Review

#### 1. Summary Judgment

■ Summary judgment is proper when the parties stipulate to the facts and the issue involves only a question of law. *See Life Ins. Co. of the Southwest v. Verex Assurance, Inc.,* 810 S.W.2d 416, 417 (Tex. App.—Dallas 1991, no writ). Where the parties do not dispute the facts, appellant may question whether the trial court correctly applied the law to those facts. *Sewell v. Smith,* 819 S.W.2d 565, 567–68 (Tex.App.— Dallas 1991) *aff'd,* 858 S.W.2d 350 (Tex.1993).

---

1. Appellants to this appeal are Milene Cooper d/b/a Ace Bonding Agency, Victor F. Montoya d/b/a Superior Bail Bonds, Rick Wade d/b/a A Way Out Bail Bonds, and Eddie Dees d/b/a Fast Action Bonding.

■ When both parties file summary judgment motions, and the trial court grants one and denies the other, the judgment is final and appealable. On appeal, we determine all questions presented. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988); *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400 (1958). If we find reversible error, we render the judgment the trial court should have rendered. *Tobin,* 316 S.W.2d at 400.

### 2. Constitutional Issues

■ An unconstitutional provision in a legislative enactment does not invalidate the entire act. *Harris County Water Control & Improvement Dist. No. 39 v. Albright,* 153 Tex. 94, 263 S.W.2d 944, 947 (1954). An invalid provision does not void any remaining provisions that we can give effect to after deleting the contaminated provision. *See* Tex.Gov't Code Ann. § 311.032(c) (Vernon 1988). When part of a statute is unconstitutional, we sustain the remainder only if the result is consistent with the original legislative intent. *See Anderson v. Wood,* 137 Tex. 201, 152 S.W.2d 1084, 1087 (1941). Agency rules are subject to the same constitutional limitations as legislative enactments. *See Public Utility Comm'n v. Houston Lighting & Power Co.,* 715 S.W.2d 98, 104 (Tex.App.—Austin 1986), *reversed in part on other grounds,* 748 S.W.2d 439 (Tex.1987).

### B. The Board's Rule Making Authority

■ An agency has the powers granted by statute together with those implied from the authority given or duties imposed. *Stauffer v. City of San Antonio,* 162 Tex. 13, 344 S.W.2d 158, 160 (1961). *General Land Office v. Rutherford Oil Corp.,* 802 S.W.2d 65, 69 (Tex.App.—Austin 1990), *aff'd,* 852 S.W.2d 480 (Tex.1993). The legislature created the Board and established its powers and duties in article 2372p–3 of the Texas Revised Civil Statutes. *See* Tex.Rev.Civ.Stat.Ann. art. 2372p–3 (Vernon 1994). Since its enactment, the legislature has amended the act several times.

■ The legislature may expressly give an agency rule-making powers by statute or by implication from other powers and duties given by statute. *Dallas County Bail Bond*

*Bd. v. Stein,* 771 S.W.2d 577, 580 (Tex.App.—Dallas 1989, writ denied); *see Texas Liquor Control Bd. v. Super Sav. Stamp Co.,* 303 S.W.2d 536, 539 (Tex.Civ.App.—San Antonio 1957, writ ref'd n.r.e.). Where a statute expressly authorizes an agency to regulate an industry, it impliedly authorizes the agency to promulgate rules necessary to accomplish that purpose. *Stein,* 771 S.W.2d at 580.

■ An agency is a creature of the legislature. It has only the powers the legislature gives it. *State v. Jackson,* 376 S.W.2d 341, 344 (Tex.1964). The legislature may withdraw from an agency any or all of its delegated powers. The legislature can withdraw delegated powers expressly or by preemption. *Jackson,* 376 S.W.2d at 344.

Originally, the legislative grant of authority to the Board provided:

(g) The County Bail Bond Board has the following powers and duties:

(1) To establish rules to be followed in the county relating to the setting and taking of bail bonds;

\* \* \* \* \* \*

Act of June 15, 1973, 63rd Leg., R.S., ch. 550, § 5(g)(1), 1973 Tex.Gen.Laws 1520, 1522, *amended by* Act of June 8, 1981, 67th Leg., R.S., ch. 312, § 5(f)(1), 1981 Tex.Gen.Laws 875, 878. The current grant of legislative authority provides:

(f) In addition to the powers and duties given to the County Bail Bond Board by this Act, the board has the following powers and duties:

(1) To exercise any powers incidental or necessary to the administration of this Act, to supervise and regulate all phases of the bonding business and enforce this Act within the county and to prescribe and post any rules necessary to implement this Act.

Tex.Rev.Civ.Stat.Ann. art. 2372p–3 § 5(f)(1) (Vernon Supp.1994).

The original act listed the following as reasons to revoke or suspend a license:

(b) Any license may be suspended or revoked by the Board for:

(1) violation of the provisions of this Act;

\* \* \* \* \* \*

(6) failure to pay, in addition to the principal amount of the forfeited bond, all necessary and reasonable expenses incurred by all peace officers in arresting the principal on any bail bond executed by him, in the event the principal fails to appear as required by law;

Act of June 15, 1973, 63rd Leg., R.S., ch. 550, § 9(b)(6), 1973 Tex.Gen.Laws 1520, 1524, *amended by* Act of June 8, 1981, 67th Leg., R.S., ch. 312, § 9(b)(6), 1981 Tex.Gen.Laws 875, 882. The current version provides:

(b) The board may, after notice and hearing suspend or revoke a license for:

(1) violation of a provision of this Act or a rule prescribed by the board during the term of the license sought to be suspended or revoked or during any prior licensing period;

\* \* \* \* \* \*

(6) failure to pay within 30 days any final judgment rendered on any forfeited bond in any court of competent jurisdiction within the county of the licensee;

TEX.REV.CIV.STAT.ANN. art. 2372p–3, § 9(b)(1)(6) (Vernon Supp.1994).

### C. Separation of Powers

The separation of powers provision provides:

The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

TEX. CONST. art. II, § 1.

■ The Texas Constitution explicitly vests the judicial power of the state in the courts. TEX. CONST. art. V, § 1. The core of judicial power embraces the power to: (1) hear evidence; (2) decide the issues of fact raised by the pleadings; (3) decide questions of law; (4) enter a final judgment on the facts and law; and (5) execute the final judgment. *Armadillo Bail Bonds v. State,* 802 S.W.2d 237, 239–40 (Tex.Crim.App.1987); *Kelley v. State,* 676 S.W.2d 104, 107 (Tex. Crim.App.1984). Additionally, only . courts can decide contested property rights. *Rutherford Oil Corp.,* 802 S.W.2d at 68.

■ There are two ways to violate the separation of powers provision. A branch of government that assumes, or delegates, to whatever degree, a power that is more "properly attached" to another branch violates the separation of powers provision. *Armadillo Bail Bonds,* 802 S.W.2d at 239; *Ex parte Giles,* 502 S.W.2d 774, 780 (Tex.Crim. App.1973). A branch that unduly interferes with another branch so that it cannot effectively exercise its constitutionally assigned powers violates the provision. *Armadillo Bail Bonds,* 802 S.W.2d at 239; *Rose v. State,* 752 S.W.2d 529, 535 (Tex.Crim.App. 1987).

### . APPLICATION OF LAW TO FACTS

#### A. The Board's Rule–Making Authority

■ Appellants argue the legislature preempted the Board's authority to enact rule B–12 by the 1981 amendments to article 2372p–3. Originally, section 9(b)(6) of article 2372p–3 allowed the Board to revoke or suspend a bondsman's license for failure to pay all reasonable and necessary rearrest costs. The legislature changed section 9(b)(6) of article 2372p–3. The new section limits the Board's revocation or suspension of a license to failure to pay a final judgment within thirty days. TEX.REV.CIV.STAT.ANN. art. 2372p–3 § 9(b)(6) (Vernon Supp.1994). Appellant argues the change in section 9(b)(6) preempted the Board's authority to enact rule B–12.

Appellants overlook other changes the legislature made to article 2372p–3. The legislature amended section 5(g)(1). The legislature broadened the Board's power to include regulation of all phases of the bail bonding business. The legislature empowered the Board to make all necessary rules to enforce the Act. TEX.REV.CIV.STAT.ANN. art. 2372p–3

§ 5(f)(1) (Vernon Supp.1994). The broad grant of authority to supervise and regulate all phases of the bonding business impliedly authorizes the Board to enact rules on any phase of the business. Because liability for and collection of rearrest costs are phases of the bail bonding business, the Board had the power to enact a rule regulating it.

### B. Separation of Powers

■ Appellants argue that rule B–12 violates the separation of powers provision of the Texas Constitution. They argue that allowing the sheriff's department to determine the rearrest costs and disallowing an appeal from that determination usurps the judiciary's constitutional powers. Additionally, appellants argue that only courts can adjudicate contested property rights.

Under rule B–12(c) the sheriff determines the amount of rearrest costs. A bondsman can tell the sheriff's department that he disagrees with the determination. Rule B–12 then directs the sheriff's department to reconsider the costs. The sheriff's department issues a second invoice for the costs. A bondsman cannot appeal from the second invoice. Under rule B–12(d) a bondsman must pay the sheriff's invoice within thirty days.

Rule B–12 impermissibly allows the sheriff's department to determine the amount of rearrest costs. Rule B–12(d) provides for execution of that determination by requiring sureties to pay the sheriff days. Under rule B–12 the sheriff's department finally decides a contested issue of fact: the amount of rearrest costs. The sheriff's department can execute its determination by seeking to revoke the bondsman's license for violation of rule B–12 under section 9(b)(1) of article 2372p–3. Rule B–12 is facially infirm because it usurps the judiciary's power to adjudicate contested facts, to enter a final judgment on those facts, and to execute its judgment.

Bondsmen have a property right in the money used to pay rearrest costs. Rule B–12 allows the sheriff's department to decide the bondsmen's contested property rights by setting the amount of rearrest costs. Only the courts have the power to decide contested property rights. Rule B–12 is facially infirm because it usurps the judiciary's constitutional power to decide contested property rights.

■ Additionally, the legislature has recognized the judiciary's power to decide the amount of rearrest costs. *See* TEX.CODE CRIM.PROC.ANN. arts. 22.16 & 22.17 (Vernon 1989). Article 22.16(a) provides for a court to pay to the surety the amount of its bond after deducting the reasonable rearrest costs if the principal returns to custody. TEX. CODE CRIM.PROC.ANN. art. 22.16(a) (Vernon 1989). Article 22.17(a) provides that by a special bill of review a court can pay to the surety a forfeited bond after deducting reasonable rearrest costs. TEX.CODE CRIM.PROC. ANN. art. 22.17(a) (Vernon 1989). Implicit in the procedure for a court to deduct rearrest costs is the court's ability to adjudicate the reasonable amount of rearrest costs.

Rule B–12 violates the separation of powers provision of the Texas Constitution because it authorizes the sheriff's department to exercise the judiciary's constitutional powers. Rule B–12 usurps the judiciary's power by allowing the sheriff's department to make the final determination of the amount of rearrest costs. Rule B–12 also provides for a method of collecting the costs that interferes with the judiciary's power to execute its final judgments.

We sustain appellants' point of error. We reverse the trial court's judgment. We render judgment that the last sentence of section c and all of section d of rule B–12 are invalid because they violate the separation of powers provision of the Texas Constitution.