**FARMERS & MERCHANTS INSURANCE COMPANY, Appellant,**

v.

**STATE BOARD OF INSURANCE, Appellee.**

**No. 10640.**

Court of Civil Appeals of Texas.
Austin.
Feb. 11, 1959.

Rehearing Denied March 4, 1959.

Stafford, Atlas & Spilman, Carl H. Judin, Jr., McAllen, for appellant.

Will Wilson, Atty. Gen., Wallace P. Finfrock, Asst. Atty. Gen., for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment entered by the 53rd Judicial District Court of Travis County, Texas, sustaining certain pleas to the jurisdiction and in abatement filed by the appellee. Upon sustaining said pleas, the trial court dismissed the appeal of the appellant, filed under Article 5.26 of the Insurance Code, V.A.T.S., as amended, from an order of the appellee denying the written application of the appellant to renew a permitted deviation for a lesser rate than the maximum rate of insurance premiums promulgated by the appellee.

The appellant made application with the appellee, State Board of Insurance, for permission to write insurance on fire, extended coverage, and physical loss form on all classes of risks throughout the State for a period of one year commencing September 22, 1957, at a deviated rate of 20% less than the maximum rate prescribed by the State Board of Insurance. After notice and hearing the Board entered its order denying the application. Subsequently appellant filed this suit, which the District Court on pretrial hearing dismissed after sustaining defendant's (appellee's) pleas in abatement and to the jurisdiction.

The appeal is based on five points assigned as error and are to the effect that the court erred in holding that the appeal provisions of Article 5.26 of the Insurance Code, as amended, were unconstitutional; that if the said provisions are unconstitutional such are not severable and the balance of the Article is invalid; in sustaining the plea to the jurisdiction because the Board had not consented to be sued; and in refusing leave to appellant to amend.

We are confronted with a Motion to Dismiss this appeal for the reason that the subject matter of this suit is now moot and in support thereof appellee says:

"This suit was instituted in the 53rd District Court of Travis County as an appeal from an order of the State Board of Insurance denying appellant application to write insurance on all fire extended coverage and physical loss forms on all classes and locations in the State of Texas on the basis of a deviated rate of twenty (20%) per cent less than the maximum rate prescribed by the State Board of Insurance for the period of one year commencing September 22, 1957. Since the period of time for which appellant sought to write insurance at a deviated rate has expired this cause of action has become moot. For this Court to now enter an order reversing or remanding the trial court would in no way correct any infringement upon the rights of the appellant or protect any of their substantial legal rights. Such an order would merely be an advisory opinion upon a purely academic matter."

Paragraph II of Plaintiff's Original Petition states:

"That pursuant to Article 5.26 of the Texas Insurance Code, Plaintiff made application to the State Board of Insurance for a deviated rate of twenty percent (20%) on all fire, extended coverage and physical loss form on all classes and locations in the State of Texas for the period of one year commencing September 22, 1957 and which application was for the same deviated rate which Plaintiff had been granted for the prior year."

Appellant, in answer to the Motion to Dismiss, takes the position that:

"Since Appellant's application to renew the deviated rate previously granted was filed in accordance with Article 5.26 of the Insurance Code as amended, and since said article specifically provides that the deviation permitted under this article shall be effective for a period of one (1) year from the final granting whether by the Board in the first instance or upon direction of the court, and since under Section G

of Article 5.26 of the Insurance Code as amended, the deviation shall remain in effect during the course of any appeal taken from such order of the Board, Appellant respectfully submits that the appeal of the Appellant has not become moot and that Appellee's Motion to Dismiss should be overruled."

■ It is our opinion that the cause is not moot and that appellee's motion to dismiss the appeal on this ground should be denied.

While it is true that appellant's application to deviate [1] expressly states that it desires to deviate for a period of one year commencing September 22, 1957, it is also true that the application was filed pursuant to the provisions of Art. 5.26 of the Insurance Code the pertinent provisions of which we quote:

Art. 5.26 of the Insurance Code, Vol. 14, V.A.C.S., provides, in part, that (Sec. (d)):

"* * * except that deviations in effect at the time this Act becomes effective shall be controlled by subdivision (f) hereof. Each deviation permitted to be filed shall be effective for a period of one (1) year from the date of final granting of such permission whether by the Board in the first instance or upon direction of the court."

Sec. (f) provides:

"Any deviations from maximum rates on file with the Board and in effect until the effective time of this Act shall remain in effect for a period of thirty (30) days after such effective time, and if during such thirty (30) day period a written application to the Board is made for permission to file such deviations under this Act, same shall remain in effect until the Board has entered its order either permitting or denying the application and during the full course of any hearings on and appeal from any such order."

Sec. (g) which authorizes an appeal from the Board to the courts provides, in part:

"Should the Board terminate or refuse to renew a permitted deviation or refuse permission for filing of a deviation under subdivision (f) hereof, then such deviation shall remain in effect during the course of any hearing thereon and thirty (30) days thereafter, and during the course of any appeal taken from such order and until final judgment of the courts."

We believe it would be too narrow a construction of appellant's application to deviate, as described in the pleadings, to restrict it to the date mentioned. Rather we construe the pleading as describing an application filed under and in accordance with Art. 5.26. This statute expressly provides that the deviation period of one year as being from "the date of final granting of such permission whether by the Board in the first instance or upon the direction of the court." Neither of these dates has arrived and hence the application to deviate is not moot.

The possibility exists because of the statutory provisions authorizing the continuance of deviation pending appeal by those insurers who were deviating at the time Art. 5.26 became effective that such insurers might in fact deviate for more than one year. This is true, not because the Board or the Court was authorized to permit it but solely because the Legislature has so ordained. We are not here concerned with this legislative grant of privilege which is in the nature of a "grandfather clause" but only with the authority given to the Board or the Court.

As a practical matter, under the legislative grant of authority to deviate pending appeal, the period of deviation likely would be shorter if the Board *granted* all applica-

---

**1.** The application is not in the record.

tions to deviate. We are not suggesting that the Board do this but are merely emphasizing the effect of the legislative grant of authority to deviate pending appeal.

Since this case must be reversed for a trial on its merits it is incumbent upon us to direct the trial court as to the nature of the trial in view of the contentions of the parties regarding the construction and validity of the appeal provisions of Art. 5.26 of the Insurance Code. We quote from Sec. (g):

"The Board may call a public hearing on any application for permission to file a deviation or a hearing on a permitted deviation and shall call a hearing upon the request of any aggrieved policyholder of the company filing the deviation made within thirty (30) days after the granting or denying of any deviation. The Board shall give reasonable notice of such hearings and shall hear witnesses respecting such matters. Any applicant dissatisfied with any order of the Board made without a hearing under this Article may within thirty (30) days after entry of such order make written request of the Board for a hearing thereon. The Board shall hear such applicant within twenty (20) days after receiving such request and shall give not less than ten (10) days written notice of the time and place of the hearing. Within fifteen (15) days after such hearing the Board shall affirm, reverse or modify by order its previous action, specifying in such order its reasons therefor. Any applicant who may be dissatisfied with any order of the Board respecting its application may appeal to the District Court of Travis County, Texas, and not elsewhere, by filing a petition within thirty (30) days after the rendition or entry of such order setting forth its grounds of objection thereto, in which said action the appealing applicant shall be plaintiff and the Board shall be defendant. The action shall not be limited to questions of law and the substantial evidence rule shall not apply, but such action shall be tried and determined upon a trial de novo to the same extent as now provided in the case of an appeal from the Justice Court to the County Court. The judgment of the District Court shall be appealable as in any other civil case. Such action shall have precedence over other civil cases on the dockets of the trial and appellate courts."

It is our opinion (1) that the provisions of the statute which preclude the application of the substantial evidence rule and require trial under the preponderance of the evidence rule are unconstitutional (2) the statute fairly construed authorizes an appeal even though the appeal is to be tried under the substantial evidence rule.

Southern Canal Company v. State Board of Water Engineers, Tex.Civ.App. Austin, 311 S.W.2d 938, affirmed by the Supreme Court December 3, 1958, 318 S.W.2d 619.

The judgment of the trial court is reversed and the cause is remanded for trial in accordance with this opinion.

Reversed and remanded.