**FARMERS & MERCHANTS INSURANCE COMPANY, Appellant,**

v.

**STATE BOARD OF INSURANCE, Appellee.**

No. 10764.

Court of Civil Appeals of Texas.

Austin.

May 25, 1960.

Stafford, Atlas & Spilman, Carl H. Judin, Jr., McAllen, for appellant.

Will Wilson, Atty. Gen., Fred B. Werkenthin, Wallace P. Finfrock, Asst. Attys. Gen., for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment entered by the 53rd Judicial District Court of Travis County, Texas, denying to appellant all relief sought by it in the Trial Court. It is the second appeal made by the appellant in this case, the first appeal being filed in this Court under Cause No. 10,640. On February 11, 1958, this Court, in an opinion which is reported in Tex.Civ.App., 321 S.W.2d 354, reversed the action of the Trial Court in sustaining certain pleas in abatement against appellant and directed that the case be remanded for trial under the substantial evidence rule. This Court further held that the provisions of the statute which preclude the application of the substantial evidence rule and require a trial under the preponderance of the evidence rule were unconstitutional. A writ of error was sued out by appellant to the Supreme Court, but the writ was denied with the notation "Refused, No Reversible Error." Pursuant to the opinion of this Court, the appellant and appellee entered into a stipulation with regard to the original order of the State Board of Insurance. The cause was tried before the Trial Court upon the stipulations of the parties.

The declaratory relief sought by the appellant that the whole of Article 5.26, as amended, V.A.T.S. Insurance Code, was inoperative because of this Court's holding that the provisions of the statute which preclude the application of the substantial evidence rule and require trial under the preponderance of the evidence rule were unconstitutional, was denied by the Trial Court.

The appeal is founded on the point of error as follows:

"If the appeal provisions precluding the application of the substantial evidence rule and requiring the trial in the District Court to be conducted under the preponderance of the evidence rule of the amendment to Article 5.26 of the Insurance Code are unconstitutional, then the Trial Court erred by not declaring said provisions to be an integral part of said amendment, thus invalidating the balance of said amendment and reinstating Article 5.26 of the Insurance Code."

In the prior opinion of this Court in Farmers & Merchants Insurance Company v. State Board of Insurance, Tex.Civ.App., 321 S.W.2d 354, er. ref., N.R.E., as may be noted this Court held that the appeal provisions of Article 5.26 of the Insurance Code, as amended, which provisions precluded the application of the substantial evidence rule and required the trial to be under the preponderance of the evidence rule, were unconstitutional and remanded the cause to the Trial Court.

Appellant requested the Trial Court to declare the balance of Article 5.26 to be invalid on the theory that the appeal provisions are not severable from the remaining portions of Article 5.26.

We believe that the sections of Article 5.26 applicable to this appeal were set out full enough in the former opinion and will not insert such provisions herein except as may be essential to a better understanding of the opinion in this case.

Section (g) of Article 5.26 provides for public hearings and for notice and for an appeal to the District Court and ends with the statement "All hearings before the Board and appeals to the District Courts under this Article shall be governed exclusively by this Article."

Section (d) provides that each deviation shall be effective for one year, etc.

Section (f) relates to prior deviations and that such shall remain in effect during the full course of an appeal.

Article 5.26, as amended, did not contain a savings clause.

The appellant's position is that the appeal provisions held unconstitutional are so dependent upon the balance of the Article that a court should say that the Legislature would not have enacted the amend-

ment to the statute if the provisions precluding the application of the substantial evidence rule and requiring trial under the preponderance of the evidence rule were not contained therein. Appellant cites cases such as Ex parte Towles et al., 48 Tex. 413, and County School Trustees of Orange County et al. v. District Trustees of Prairie View Common School District No. 8, 137 Tex. 125, 153 S.W.2d 434, in support of its position that the Legislature would not have passed the Act except as a whole.

By stipulation all objections to the validity and legality of the Board's action, except as to the constitutionality of the statute as a whole, were waived by appellant.

Appellee takes the position that the issue of severability has been determined in the first appeal and that the portion of Article 5.26 which merely describes the scope of judicial review of rate deviation orders is severable from the balance of the statute regulating rate deviations, special risks, prescribing procedures and providing for an appeal. That the plaintiff has claimed and is claiming rights existing by virtue of the statute and should not be allowed to attack the validity of the statute in its entirety.

Appellee has made three counterpoints to the effect that the prior determination of this Court that the involved portions of Section (g) of Article 5.26 is severable from the balance of the Article, and that since appellant has claimed the benefits of Article 5.26, it is estopped to attack the validity of the statute in its entirety.

Appellee claims that appellant is ignoring the principle of "The law of the case" and cites Frankland v. Cassaday, 62 Tex. 418, in which the Court said:

"* * * the questions of law decided upon appeal to a court of ultimate resort must govern the case in the same court, and the trial court, through all subsequent stages of the proceedings, and will seldom be re-

considered or reversed, even if they appear to be erroneous."

We recognize however questions previously decided can be reopened when a former ruling is erroneous. Kempner v. Huddleston, 90 Tex. 182, 37 S.W. 1066. We believe that our holding that:

"The statute fairly construed authorizes an appeal even though the appeal is to be tried under the substantial evidence rule."

was correct, and in doing so held that the remainder of the statute was valid so as to authorize the appeal and the severability was implicit by remanding the case to the Trial Court. Baker v. Baker, Tex.Civ. App., 207 S.W.2d 244, er. ref., N.R.E.

■ The invalid portion of Section (g) of Article 5.26 is severable from the balance of the Article. It is only that part of Section (g) which describes the scope of the appeal that is omitted.

In San Antonio Independent School District v. State, Tex.Civ.App., 173 S.W. 525, 529, er. ref., the Court was concerned with a statute reorganizing the Board of Trustees for that district and the Court held invalid a provision providing six year terms of office and that such was severable and stated:

"* * * where part of a statute is unconstitutional and the remainder is constitutional; if the two parts can be possibly separated courts should do so, and not permit the invalid part to destroy the whole law. If, after the elimination of the invalid part of the law, there remains an intelligible valid statute capable of being placed in execution conforming to the general purpose and intent of the Legislature, the law will not be destroyed, but held to be valid and binding except as to the excised part." Southern Canal Co. v. State Board of Water Engineers, Tex. Civ.App., 311 S.W.2d 938, affirmed by Supreme Court in Tex., 318 S.W.2d 619.

In the emergency clause in Senate Bill 123, Acts 1957, c. 497, § 3, it is said:

"The fact that the present laws of this state do not adequately provide for the method of handling the specific risks pursuant to the present maximum rate law or for the method of handling deviations from maximum rates and do not provide adequate safeguards for the protection of the public in connection therewith, creates an emergency and an imperative public necessity * * *."

The appeal provision for trial de novo is a subsidiary incident to the bill describing one phase of an appeal procedure applying only to deviated rates and is not related to provisions concerning specific risks written in excess of the Board's maximum rate, and does not review or enlarge any substantial right of the appellant.

By stipulation appellant waived all contentions claiming that the Board was not justified in denying the deviated rate filing, and would not be entitled to a deviation whether the trial was de novo or under the substantial evidence rule.

When the invalid portion of Article 5.26 is stricken, there still remains a workable statute and the absence of a trial de novo does not prevent the enforcement of any other provision in the bill.

Among cases cited by appellant are Ex parte Towles, supra. Senate Bill 123 is distinguishable, because the dominant purpose was set out in the invalid provision as discussed in the Towles case. In Anderson, County Judge v. Wood, Sheriff, 137 Tex. 201, 152 S.W.2d 1084, a statute was held invalid because to sever the exemption would broaden the scope of the statute. The same effect would have resulted in Burroughs v. Lyles, 142 Tex. 704, 181 S.W. 2d 570.

The appellant has written policies at the deviated rate during the pendency of the hearing, trial and this appeal, and

claimed and is retaining the benefits existing under Senate Bill 123 and is estopped to make the attack on the Act. Texas Underwriters v. Martinal, Tex.Civ.App., 140 S. W.2d 582; Alton Independent School District v. Central Education Agency, Tex. Civ.App., 259 S.W.2d 737.

The judgment of the Trial Court is affirmed.