**ST. LOUIS FIRE AND MARINE INSURANCE COMPANY et al., Appellants,**

v.

**STATE BOARD OF INSURANCE,**
Appellee.

No. 10758.

Court of Civil Appeals of Texas.

Austin.

June 1, 1960.

Rehearing Denied June 22, 1960.

Kelly, Morris & Walker, Fort Worth, Joe S. Moore, Austin, F. L. Boehm, P. M. Kieffer, St. Louis, for appellants.

Will Wilson, Atty. Gen., Fred B. Werkenthin, Wallace P. Finfrock, Asst. Attys. Gen., for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment entered on the 14th day of September, 1959, by the 98th Judicial District Court of Travis County, Texas, in which appellants St. Louis Fire and Marine Insurance Company, Washington Fire and Marine Insurance Company and Midwestern Fire and Marine Insurance Company, were plaintiffs, and the State Board of Insurance [1] was defendant, denying to appellants all relief sought in the Trial Court and finding that the order of the Board dated November 26, 1958 was valid and was affirmed.

On September 17, 1957, appellants filed applications to continue in effect certain existing deviations from the maximum rates for fire insurance fixed and promulgated by the Board, acting under the provisions of paragraph (f) of Article 5.26, Texas Insurance Code, V.A.T.S., which allows deviations in effect at the effective date of Senate Bill 123 to remain in effect

---

1. Appellee will be referred to as the "Board" throughout this opinion.

until the Board has entered its order either permitting or denying the application and during the full course of any hearing on an appeal from any such order. On September 23, 1957, the Board entered its order without hearing, as provided by the Texas Insurance Code, denying the continued use of the application for reduced rates. Thereafter, appellants, under the provisions of paragraph (g) of Article 5.26, made written request of the Board for a hearing, after which hearing the Board entered an order denying the application of appellants. An appeal was taken from this order by the timely filing of two separate lawsuits in the 98th Judicial District of Travis County, Texas, which Court set aside the said order on the grounds that the Board had failed to state its reasons for such denial as required by paragraph (g) of Article 5.26, Texas Insurance Code.

The order of November 26, 1958, was entered by the Board following another hearing on the applications, which said order was the subject matter of the second appeal by appellants to the 98th District Court of Travis County, Texas, and is the order found to be valid by said Court in its judgment, from which appellants have appealed to this Court:

The assignments of error are:

"1. If the appeal provisions of the amendment to Article 5.26, Texas Insurance Code, requiring the trial in District Court to be conducted under the preponderance of the evidence rule are unconstitutional, then the Trial Court erred in not declaring said provisions to be an integral part of said amendment (Senate Bill 123, 55th Legislature), thus invalidating the balance of said amendment and reinstating Article 5.26, Texas Insurance Code, as it was prior to enactment of said Senate Bill 123.

"2. If the Trial Court based the judgment on the grounds that the proposed rates were not adequate, then as a matter of law the Trial Court erred in such finding.

"3. If the Trial Court based the judgment on the grounds that the resulting rates are not unfairly discriminatory, then as a matter of law the Trial Court erred in such finding.

"4. If the Trial Court based the judgment on the grounds that the resulting rates would not constitute uniform percentage deviations, then as a matter of law the Trial Court erred in such finding.

"5. If the Trial Court based the judgment on the grounds that the proposed rates were not to be applied to reasonable territories, then as a matter of law the Trial Court erred in such finding."

Appellants' assignments Nos. 2, 3, 4 and 5 are that if the Court based the judgment on the grounds that proposed rates were not adequate, or if the judgment was based on the grounds that the resulting rates are not unfairly discriminatory, or if the judgment was based on the grounds that the resulting rates would not constitute uniform percentage deviations, and if the judgment was based on the grounds that the proposed rates were not to be applied to reasonable territories, that then as a matter of law the trial court erred in such findings.

Subchapter C of Chapter 5 of the Texas Insurance Code contains the provisions for regulating fire insurance rates in Texas. For many years the State Insurance Department has had the authority to promulgate maximum rates of fire insurance and has that authority today by virtue of Articles 5.25 and 5.26 of the Texas Insurance Code.

In conformance with the provisions of Articles 5.25 and 5.26 the Board has fixed classes of risks, promulgated rating schedules and rates of premiums, and which has been compiled in the "Texas General Basis Schedules" which covers various types of

risks, and the dwelling class, with which this case is primarily concerned, is one.

Article 5.26 is long and we will only refer to it. It provides that insurance companies upon application are permitted to write insurance at reduced rates, which applications specify the basis of the deviation, with data on which the applicant relies.

The Board shall give consideration to the factors applied by insurers in general use in determining the basis for rates, the financial conditions, the methods of operation and expenses of such insurer, loss experience past and prospective, including catastrophe hazards, margin of profit, etc. The Board is directed to issue an order permitting the deviation if it be found to be justified upon the applicant's showing, or deny such application if it finds that the resulting premiums would be inadequate or unfairly discriminatory, etc.

No useful purpose can be had by a further enlargement of the Board's system of rate promulgation, since all parties hereto are entirely familiar with such system, the basis, the key rate, the application thereof, and fire experience credit or penalty; as are reflected by exhibits.

The order of the Board in question dated November 26, 1958, which in brief disallowed the applications because: (1) they are not the kind and character of reduced rate filings permitted by Article 5.26, (2) they do not constitute uniform percentage deviations by classes, (3) the territories proposed are not shown to be reasonable, and (4) no showing is made that the rates would not be unfairly discriminatory.

The applications made by appellants apply to only four counties: Dallas, Harris, Tarrant and Bexar, and not to all dwelling risks within those counties.

We believe that the Trial Court correctly affirmed the order of the Board. The finding of the Board was that the appellants had failed to establish that the rates proposed would not be unfairly discriminatory and found that the rates proposed would be unfairly discriminatory.

Prior to the enactment of Article 5.26, S.B. 123, the Board, as now, promulgated maximum rates, but the companies could deviate below those rates in certain instances by merely making a filing to that effect.

S.B. 123 provided that the Board could pass on the propriety of an application for a reduced rate filing, and certain requirements were made.

The Board found by its order of November 26, 1958 (Defendant's Ex. No. 1) that the applications did not propose uniform percentage deviations from the maximum rates fixed by the Board. Such findings by the Board are supported by substantial evidence in the very long record in this case and in the interest of space we will not recite such again.

The appellants have claimed and are retaining the benefits under S.B. 123, and are estopped to attack the constitutionality of the statute in its entirety. Fahey v. Mallonee, 332 U.S. 245, 67 S.Ct. 1552, 91 L. Ed. 2030; Texas Underwriters v. Martinal, Tex.Civ.App., 140 S.W.2d 582; Alton Independent School District v. Central Education Agency, Tex.Civ.App., 259 S.W.2d 737.

We believe that our holding in Farmers & Merchants Insurance Co. v. State Board of Insurance, Tex.Civ.App., 321 S.W.2d 354, er. ref., N.R.E., is controlling in this cause.

We have recently rendered judgment in Farmers & Merchants Insurance Co. v. State Board of Insurance, Tex.Civ.App., 336 S.W.2d 197, in which we have confirmed our previous holding and believe such to be determinative of the prime question in this appeal and will not restate our views and the authorities in such opinion.

The judgment of the Trial Court is affirmed.

Affirmed.