## CITY OF TAYLOR et al. v. TAYLOR BEDDING MFG. CO. et al.

### No. 9740.

Court of Civil Appeals of Texas. Austin.

Oct. 27, 1948.

Rehearing Denied Nov. 17, 1948.

C. S. Griffith and E. M. Grimes, both of Taylor, for appellants.

Dan Moody, of Austin, and Amos Peters, Jr., of Taylor, for appellees.

HUGHES, Justice.

The right of appellees, Taylor Bedding Manufacturing Company and others, to a discount of 3% of the amount of ad valorem taxes, due by them to the City of Taylor for the year 1947, is the question presented for our decision.

An ordinance of the City of Taylor provides:

"That under the following conditions all taxpayers shall be allowed the following discount for the payment of ad valorem taxes of the current year, A. D. 1947, due the City of Taylor, Texas. .

"a. Three per cent (3%) discount on ad valorem taxes due to said city for said year, if such taxes are paid on or before the

last day of September, 1947, and if no taxes due said city on the property for which such discount is to be allowed are delinquent."

If appellees are entitled to a discount of 3%, they have tendered and there is now in the registry of the trial court a sum of money equal to the amount owing.

The City of Taylor contends that appellees are not entitled to such discount and that therefore the sum of money tendered is insufficient because there were, at the time of such tender (September 1947), delinquent taxes against the same property as to which the tender of taxes was made.

It is undisputed that taxes for the year 1946, on this property, were not paid by appellees before the date on which the law provided they should become delinquent. Appellees say, however, that since the 1946 taxes were involved in a bona fide lawsuit (Forwood v. City of Taylor, Tex. Sup., 214 S.W.2d 282, affirming this court in Tex.Civ.App., 208 S.W.2d 670, and Tex. Civ.App., 209 S.W.2d 434) they were not delinquent.

Since we are of the opinion that the City of Taylor was without authority to provide in the ordinance, above set out, that the tax discount would not be allowed if there were delinquent taxes against the same property, and that such provision is void, it is unnecessary for us to determine if the 1946 taxes were delinquent.

Art. 3, Sec. 55, of our Constitution, Vernon's Ann.St., provides that "The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years." (Adopted Nov. 8, 1932.)

It is obvious that any law which provided for a discount of the amount of taxes due, for any reason, except ten years delinquency, would be in violation of the above constitutional provision.

This fact, no doubt, accounts for the adoption, in August 1937, of that portion of art. 8, Sec. 20 of our Constitution, which provides: " * * * that in order to encourage the prompt payment of taxes, the Legislature shall have the power to provide that the taxpayer shall be allowed by the State and all governmental and political subdivisions and taxing districts of the State a three per cent (3%) discount on ad valorem taxes due the State or due any governmental or political subdivision or taxing district of the State if such taxes are paid ninety (90) days before the date when they would otherwise become delinquent; and the taxpayer shall be allowed a two per cent (2%) discount on said taxes if paid sixty (60) days before said taxes would become delinquent; and the taxpayer shall be allowed a one per cent (1%) discount if said taxes are paid thirty (30) days before they would otherwise become delinquent. This amendment shall be effective January 1, 1939. The Legislature shall pass necessary laws for the proper administration of this Section."

Pursuant to this constitutional mandate the Legislature in 1939 enacted art. 7255b, Vernon's Ann.Civ.St., which contained the substance of the above constitutional provision, but it was expressly provided that such discount should not apply to cities and towns (and others), "unless and until" such city or town should "adopt" the provisions of such statute.

The specific question then is whether the City of Taylor, in adopting art. 7255b could impose conditions or restrictions upon the right to discount which are not found in such statute.

This question is answered adversely to appellants in Spears v. City of San Antonia, 110 Tex. 618, 223 S.W. 166, 168.

In that case the City of San Antonio adopted, at an election as provided for in the legislative act, a paving law which was attacked on the ground that the Legislature had unlawfully delegated lawmaking powers to the people of San Antonio. The law was upheld and we quote from the opinion by Justice Greenwood:

"The act became law 90 days after the adjournment of the Legislature, regardless of whether any municipality accepted its benefits. It was beyond the power of

the electors to add anything to, or to take anything from, the law. The act would have remained in force as law, though every municipality had declined to exercise the conferred authority. * * *

"For, the true question presented, instead of being one of delegation of legislative authority, is merely one of acceptance or rejection by a municipality of an additional charter power."

In Huff v. City of Wichita Falls, 121 Tex. 281, 48 S.W.2d 580, 582, opinion by Cureton, C. J., the City of Wichita Falls, a Home Rule City, operated under a charter which provided that 98% of the cost of street improvement could be charged against abutting property owners, when on March 30, 1920, the people of Wichita Falls adopted the State Street Improvement Act, Vernon's Ann.Civ.St. art. 1086 et seq., which limited the amount of improvements chargeable to property owners to 75%. In holding the charter provision no longer effective the court said:

"* * * the Street Improvement Act, Revised Statutes, articles 1086 to 1105, is a general law, and when adopted, as in the instant case, becomes applicable to the city to the same extent as any other general law. Being a general law, when once adopted it becomes dominant, and all charter provisions in conflict therewith ineffective. * * *

"It is true that Wichita Falls was not compelled to adopt article 1088, and other articles of the Street Improvement Act, but, having done so, they became general laws applicable to her affairs, and no attempted reservation by statute of charter terms in conflict therewith can control against the constitutional mandate that the general laws must prevail."

If it be said that the City of Taylor in enacting the tax discount ordinance was not attempting to adopt the State law but was independently exercising its legislative powers, the answer is twofold:

(1). The City of Taylor, except as authorized by Sec. 20, art. 8 of the Constitution and art. 7255b, Vernon's Ann.Civ.St., the enabling statute, had no authority to release or extinguish, in whole or in part, the tax liabilities which were the subject of the ordinance.

(2). The governing authority of any city is prohibited by the Constitution and statutes from entering legislative fields that have been preempted by the Legislature. Leach v. Coleman, Tex.Civ.App. Austin, 188 S.W.2d 220, writ ref. WOM; Prescott v. City of Borger, Tex.Civ.App. Amarillo, 158 S.W.2d 578, writ ref.

Having concluded that a part of the ordinance is void, we will now consider the argument advanced by the City of Taylor that, in the event we should so hold, the entire discount provision of the ordinance is void.

The rule to be applied is well stated in San Antonio Independent School District v. State, Tex.Civ.App. San Antonio, 173 S.W. 525, 529, writ ref., as follows: "* * * where part of a statute is unconstitutional and the remainder is constitutional, if the two parts can be possibly separated courts should do so, and not permit the invalid part to destroy the whole law. If, after the elimination of the invalid part of the law, there remains an intelligible and valid statute capable of being placed in execution and conforming to the general purpose and intent of the Legislature, the law will not be destroyed, but held to be valid and binding except as to the excised part."

The elimination of that portion of the ordinance relating to delinquent taxes leaves a valid, complete and workable law of the character contemplated by the Constitution and provided for by the Legislature.

That the City of Taylor would have or would not have passed the ordinance without the inclusion of the delinquent tax provision is, of course, not actually known. We are unwilling to assume that the City of Taylor would deny to its prompt taxpaying citizens the benefits of the constitutional amendment and enabling act for the sole reason that such benefits would also inure to the benefit of those who owed delinquent taxes.

As we construe the ordinance the proviso denying discounts to delinquent taxpayers was inserted not so much for the

purpose of penalizing delinquent taxpayers as to encourage, and in a sense compel, the payment of delinquent taxes. This thought is suggested by the City of Taylor in its brief: "Surely it cannot be logically contended that there is any contrast between an effort to encourage the payment of delinquent taxes and an effort to encourage the prompt payment of current taxes."

While the City has failed in its laudable effort to thus encourage the payment of delinquent taxes, we see no reason for extending such failure to the equally praiseworthy object of encouraging the prompt payment of current taxes.

The judgment of the trial court is affirmed.

Affirmed.