

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 29, 1972

Hon. Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M- 1198

Re: Questions relating to the
performance of the duties
of a district clerk relating
to trust funds, pursuant to
Articles 1656a and 2558a,
Vernon's Civil Statutes, and
in light of Sellers v. Harris
County, _____ S.W.2d _____
(Tex.Sup. 1972).

Dear Mr. Resweber:

Your recent letter requesting the opinion of this office
concerning the referenced matter asks several questions relating to
the duties of a district clerk regarding trust funds placed in his
custody, in light of the recent decision in Sellers v. Harris County,
_____ S.W.2d _____ (Tex.Sup. 1972) (No. B-2892, May 31, 1972). Your
questions are as follows:

"Question No. 1.- Did the opinion of the
Supreme Court of Texas, so rendered in said
Sellers Case, declare Article 2558a, V.C.S.,
in its entirety to offend Article 1, Section
19 of the Texas Constitution and the Fourteenth
Amendment of the United States Constitution?

"Question No. 2. - If your opinion to
Question No. 1 is No, what sections of said
Article 2558a, V.C.S., remain in full force
and effect?

"Question No. 3. - What effect, if any,
does said holding in said Sellers Case have
upon the presently existing depository contract
between the Commissioners Court of Harris County
and the Houston National Bank pertaining to
Harris County District Clerk Trust Fund Ac-
count entered into pursuant to Article 2558a,
V.C.S.?

-5844-

"Question No. 4. - Was Article 1656a, V.C.S.,
which contains therein the provision, to-wit
'. . . and draw interest for the benefit of the
County, . . .', also declared by said Supreme
Court in said Sellers Case to offend, in its
entirety, Article I, Section 19 of the Texas
Constitution, and the Fourteenth Amendment of
the United States Constitution?

"Question No. 5. - If your opinion to Ques-
tion No. 4 is No, what sections of said Article
1656a, V.C.S., remain in full force and effect?

"Question No. 6. - What portions of Article
1656b, V.C.S., are affected by the Sellers opinion?

"Question No. 7. - If your opinions to
Questions Nos. 1 and 4 are Yes, . . . (is the
District Clerk) statutorily required, in order
to avoid the penalties prescribed under Articles
383 and 383a of the Penal Code of Texas, to in-
stitute the procedure prescribed in Article
2290, V.C.S., to safeguard Registry of the
Court Funds?

"Question No. 8. - The Supreme Court in its
said opinion in the Sellers Case, affirmed the
Trial Court's Judgment which among other things
decreed, to-wit, 'at the conclusion of the liti-
gation the trial court is to determine a reason-
able fee to compensate Harris County for its
accounting and administrative expenses incurred
in handling the fund.' This lawsuit is now
wholly concluded, but for future reference
. . . (the district clerk want/s/) to know:

". . . (Is he) legally authorized to
retain and accept such a reasonable fee,
as determined by the Trial Court?

"Is the collection of such a reasonable
fee, as determined by the Court, to be re-
ceived, reported and accounted for as other
statutory fees of . . . (his) office?"

The following materials were submitted by you with your letter:   (a)   final decision of the Texas Supreme Court in <u>Sellers</u> <u>v. Harris County</u>, dated May 31, 1972, on motion for rehearing; (b) original decision of the Supreme Court in said case, dated April 5, 1972 (withdrawn); (c)   Harris County's Brief in Support of Motion for Rehearing; (d)   Judgment and Decree of the District Court; and (e)   Depository Contract by and between Harris County and the Houston National Bank, <u>inter</u> <u>alia</u>.

Section 4a of Article 2558, Vernon's Civil Statutes, provides, in pertinent part, that:

". . . The Commissioners Court is authorized and directed to receive all interest so earned on time deposit of such trust funds and to place all such interest into the General Fund of the County <u>as an offset to the expenses of handling such</u> <u>trust funds for the benefit of litigants.</u>" (Emphasis added.)

Section 4b of that Article provides that:

"The Commissioners Court of each county, acting by and through the County Auditor . . . is authorized to place in the General Fund of the county any accumulated interest derived from trust funds in the possession of County and District Clerks of such county . . ., <u>to</u> <u>offset the expenses of handling such trust</u> <u>funds for the benefit of litigants.</u>"   (Emphasis added.)

Article 1656a, Vernon's Civil Statutes, also provides, in pertinent part, that:

"The County Auditor in counties having a population of one hundred ninety thousand

. . . . . . . . . . . . . . . . . . . . . . . . . . . forms to be used by the District Clerk . . . in the collection and disbursement of county revenues, funds, fees, and all other moneys collected in an official capacity whether belonging to the county . . . <u>or to, or for the use or benefit of,</u> <u>any person, firm, or corporation;</u> . . .   All of the fees, commissions, funds, and moneys herein referred to shall be turned over to the County

> Treasurer by such officer as collected, and such
> money shall be deposited in the county depository
> in a special fund to the credit of such officer
> <u>and draw interest for the benefit of the county,</u>
> . . ." (Emphasis added.)

In <u>Sellers v. Harris County,</u> cited supra, the Supreme Court of Texas held that, when trust funds are paid into court during litigation and invested at interest by the district clerk or county auditor, the district judge may direct the ultimate payment of the interest to the owner of the principal, rather than directing that <u>all</u> interest be paid to the county. The Supreme Court also said that ". . . At the conclusion of the litigation the trial court was to determine a reasonable fee to compensate Harris County for its accounting and administrative expenses incurred in handling the fund." (Slip Opinion, p. 2.)

Your first question asks if the Supreme Court declared Article 2558a, unconstitutional in its entirety. <u>In referring only to Sections 4a and 4b of that Article,</u> the Court said:

> "By depriving the owner of a sum not reason-
> ably related to the value of the county's services
> in safeguarding and investing the principal, <u>the
> statute</u> offends Article 1, Section 19 of the Texas
> Constitution as well as the Fourteenth Amendment
> of the United States Constitution. . . ." (Em-
> phasis added.)

We are of the opinion that the rule of statutory construction applicable to your request is that stated in <u>Vernon v. State,</u> 407 S.W.2d 236 (Tex.Civ.App. 1966, error ref. n.r.e.):

> ". . . It is incumbent upon the courts to
> sever any unconstitutional provision and to
> sustain the remainder. See Harris County Water
> Control & Imp. Dists., etc. v. Albright, 153
> Tex. 94, 263 S.W.2d 944 (1954); and see City of
> Taylor v. Taylor Bedding Mfg. Co., 215 S.W.2d
> 215-217, Tex.Civ.App. 1948) wr.ref. This is
> especially true where the statute concerns
> several matters. Davis v. Whie, 260 S.W. 138-
> 141, Tex.Civ.App. (1924), wr.ref. We believe
> that if such section which appellants complain
> of, should be held invalid, it is not so inter-
> mingled with other parts of the Act as to make

it impossible to separate from the balance of
the Act."   406 S.W.2d at 243.

Being mindful of the foregoing language from Vernon, of the
fact that the Supreme Court in Sellers was only considering the con-
stitutionality of Sections 4a and 4b of Article 2558a, and of the
fact that the Article has fifteen different sections relating to
many other matters which appear to us to be wholly severable, we
have concluded that the Court did not hold Article 2558a unconstitutional
in its entirety, notwithstanding what might be interpreted as
language to the contrary ("the statute") in its opinion.  Sections
4a and 4b are not so intertwined and intermingled with the other
sections of the Article as to make the entire statute constitutionally
infirm.  Rather, it is our opinion that the Court meant only to hold
Sections 4a and 4b, insofar as they were applied in the fact situation
in Sellers, unconstitutional, to the extent that the statutory pro-
visions deprived the owner of the fund in question his property
without due process of law.

Nor are we of the opinion, as you suggest, that Article
2558a, minus Sections 4a and 4b, would be violative of Sections
51 and 52 of Article III, or of Section 6 of Article XVI, of the
Constitution of Texas.

Therefore, your first question is answered in the negative.

Our answer to your second question is that all sections of
Article 2558a remain valid and in full force and effect, with the
exception of Sections 4a and 4b, as those Sections are applied in
fact situations similar to that in Sellers.  Those Sections are still
constitutionally operable  to the extent that a reasonable portion of
the interest accumulated on such trust funds may be given to counties
to compensate them for their accounting and administrative expenses
incurred in handling the trust funds; the amount of such reimburse-
ment to counties shall be set by the trial court having jurisdiction
of the cause of action in which the trust fund was established.

Our answer to your third question is that the holding in
the Sellers case in no way invalidates or has any effect on the
depository contract dated March 30, 1971, and executed by and be-
tween the Houston National Bank and Harris County, inasmuch as
the provisions of Article 2558a relating to this depository con-
tract remain in full force and effect.

Your fourth question asks whether Article 1656a was also
declared by Sellers to be unconstitutional in its entirety.  Nowhere

in the <u>Sellers</u> opinion is that Article declared unconstitutional. However, we are of the opinion that the portion of Article 1656a reading "and draw interest for the benefit of the county", underscored supra, is of doubtful constitutionality in light of the court's statements concerning Sections 4a and 4b of Article 2558a. In light of the <u>Sellers</u> holding, such portion of Article 1656a must be read to provide that the special fund shall draw interest for the benefit of the county to the extent that a reasonable fee to compensate the county for its accounting and administrative expenses incurred in handling trust funds is allowed by the courts having jurisdiction of the cause of action wherein the trust funds arose.  Thus, your fourth question is answered in the negative.

The answer to your fifth question is that all of Article 1656a remains valid and in full force and effect, but subject to the change as to apportionment of the accrued interest mentioned in our answer to your question four immediately preceding.

The answer to your sixth question is that no portions of Article 1656b, Vernon's Civil Statutes, are affected by <u>Sellers</u>.

Inasmuch as your question number seven is predicated on an affirmative answer to your questions one and four, and inasmuch as we have answered both of those questions in the negative, it is not necessary for us to consider your seventh question.

The answer to the first part of your eighth question is that the Harris County District Clerk is, pursuant to the authority of <u>Sellers</u>, legally authorized to retain and accept the reasonable fee set by the trial court for Harris County's expenses incurred in handling the trust fund.

The answer to the second part of your eighth question is that such fee retained and accepted by the Harris County District Clerk is to be received, reported and accounted for as all other statutory fees of his office.

### S U M M A R Y

(1)  Pursuant to Articles 1656a and 2558a, Vernon's Civil Statutes, when trust funds are paid into court during litigation and invested at interest by the district clerk or county auditor, the district judge shall direct the

ultimate payment of the interest to the owner of the principal less a reasonable fee to be determined by him to compensate the county for its accounting and administrative expenses incurred in handling the fund.

(2)   Article 2558a was not declared unconstitutional in its entirety by the Supreme Court of Texas in Sellers v. Harris County, _____ S.W.2d _____ (Cause No. B-2892, May 31, 1972); rather, only Sections 4a and 4b of the Article were rendered unconstitutional, as applied in the factual situation set forth in Sellers, to the extent that the statutory provisions deprived the owner of the fund in question his property without due process of law.

(3)   The Sellers case has no effect on the presently existing depository contract by and between Harris County and the Houston National Bank.

(4)   Article 1656a was not declared unconstitutional by the Sellers case, but the portion thereof reading "and draw interest for the benefit of the county" must be read in light of the Sellers holding.

(5)   No portions of Article 1656b, Vernon's Civil Statutes, are affected by the Sellers decision.

(6)   A district clerk is legally authorized by Sellers to retain and accept the fee set forth in paragraph (1) hereinabove, and such fee is to be received, reported and accounted for as other statutory fees of his office.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Malcolm Quick
Scott Garrison
Mike Stork
Gerald Ivey

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant