Ed "Tracy" MAXON, Appellant,

v.

Ralph D. FRANZ, Appellee.

No. 1182.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 16, 1975.

Rehearing Denied Aug. 6, 1975.

Shelton E. Padgett, Bracewell & Patterson, Houston, for appellant.

William M. Holland, Jr., Holland, Gemoets & Tindall, Edward J. Landry, Senior Asst. County Atty., Houston, for appellee.

TUNKS, Chief Justice.

In November 1972, the appellee, Ralph D. Franz, was elected to the office of Con-

stable, Precinct No. 6 of Harris County, Texas, for a four year term to begin January 1, 1973, and to end December 31, 1976. In early 1973 the Commissioners Court of Harris County began a program to reform the boundaries of the eight Justice of the Peace and Constable precincts of Harris County. The boundaries of those precincts had not been changed since their original establishment in 1876. The Commissioners Court adopted a reorganization plan which became effective on July 1, 1973. Under the new division of precincts, Franz' place of residence was in an area covered by the newly designated Precinct No. 5.

No other holder of the office of Constable of Harris County immediately before the new division became effective resided in the new Precinct No. 5. Under the old division Franz' same place of residence was in the old Precinct No. 6.

The Commissioners Court adopted an order designating the holders of the offices of Constable and Justice of the Peace in the newly created precincts. By that order Franz was named as the holder of the office of Constable, Precinct No. 5.

In November 1974, the appellant, Ed "Tracy" Maxon, appeared on the general election ballot as the Republican nominee for the office of Constable, Precinct No. 5 of Harris County. Franz did not run for that office and no one else was nominated as the Democratic nominee for that position. Franz has taken, and still takes, the position that there was no vacancy in the office of Constable, Precinct No. 5 to be filled by the November 1974 election because his term does not end until December 31, 1976. Maxon, being the only named candidate for the office on the November 1974 ballot, naturally got the majority of the votes cast.

On December 10, 1974, Franz filed suit in the 129th District Court of Harris County, and on December 30, 1974, filed his second amended original petition naming Maxon, the State of Texas, the County of Harris, the incumbent County Judge and the newly elected County Judge, who was to take office on January 1, 1975, as defendants. The pleading stated that the suit was to determine title to the office of Constable, Precinct No. 5. The petition asked that the trial court issue an *ex parte* restraining order prohibiting Maxon from assuming or attempting to assume the office and, after hearing, a temporary injunction to that effect. The prayer asked that on final trial Franz be awarded title to the office and Maxon be enjoined from assuming or attempting to assume it.

The trial court granted the requested *ex parte* restraining order and, after hearing, granted the temporary injunction. Franz then filed a motion for summary judgment, in which the defendant Harris County joined. Maxon also filed a motion for summary judgment. The defendant State of Texas was dismissed from the case. The parties filed an agreed statement of facts. The trial court granted Franz' motion for summary judgment and overruled that of Maxon. The judgment rendered adjudges that Franz is entitled to the office in question and enjoins Maxon from assuming it until December 31, 1976. Maxon duly appealed from that judgment.

The principal question involved in this case is the constitutionality, as applied to these facts, of Vernon's Tex.Rev.Civ. Stat.Ann. art. 2351½(c) (1971). That statute provides:

When boundaries of justice of the peace precincts are changed, so that existing precincts are altered, new precincts are formed, or former precincts are abolished, if only one previously elected or appointed justice of the peace or constable resides within a precinct as so changed, he shall continue in office as justice or constable of that precinct for the remainder of the term to which he was elected or appointed. If more than one justice or constable resides within a precinct as so changed, or if none resides

therein, the office shall become vacant and the vacancy shall be filled as other vacancies; provided, however, that in precincts having two justices, if two reside therein, both shall continue in office, and if more than two reside therein, both offices shall become vacant.

Franz is the only person who resided within the boundaries of new Precinct No. 5 who had been elected or appointed Constable of such geographical area. If the first sentence of Article 2351½(c) is constitutional, as applied to his situation, he is entitled to keep that office until December 31, 1976. We hold that the statute as so applied is constitutional.

The principal authority upon which the appellants rely is an opinion issued from the office of the former Attorney General of Texas, the late Crawford C. Martin, on May 8, 1967. The opinion is designated M–68 and is captioned "Re: Constitutionality of Article 2351½c Texas Revised Civil Statutes". In that opinion the fact situation which produced the request for the opinion was stated as follows:

The fact situation upon which your request is based is a proposed transfer of two voting precincts (Precincts 142 and 158) from Justice Precinct No. 2 in Bexar County to Justice Precinct No. 1. You state further that none of the officers involved live in the voting precincts to be transferred, and each would still live in the area where he was elected after the change.

The opinion was summarized as follows:

### SUMMARY

Under the facts submitted, a proposed transfer of voting precincts 142 and 158 from Justice Precinct No. 2 to Justice Precinct No. 1 of Bexar County, which does not affect the residence of any of the present office holders, will not create a vacancy in any of the offices of the two precincts, but the provisions of Article

2351½c, Vernon's Civil Statutes, for continuation in the office of the incumbents after a change in boundaries of Justice Precincts, is unconstitutional as an attempt on the part of the Legislature to control that which has been vested exclusively with the Commissioners Courts. To the extent of their conflict with this opinion, Attorney General's Opinions V–790 (1949), V–1032 (1950), and WW–536 (1958) and C–112 (1963) are overruled.

In the body of the opinion the following language appears as the reason for the conclusion reached:

If a change in boundary lines of itself creates a vacancy in the office by abolishing the existing precincts, then Article 2351½c collides with Section 28, of Article V of the Texas Constitution, which provides as follows:

"Vacancies in the office of Judges of the Supreme Court, the Court of Criminal Appeals, the Court of Civil Appeals and District Courts shall be filled by the Governor until the next succeeding general election; and vacancies in the office of County Judge and justices of the peace shall be filled by the Commissioners Court until the next general election for such offices."

Article V, Section 28 of the Texas Constitution, Vernon's Ann.St., empowers the Commissioners Court to fill vacancies in the offices of County Judge and Justice of the Peace, but it makes no mention of the office of Constable.

The authority for the Commissioners Court to fill a vacancy in the office of Constable arises from Tex.Rev.Civ.Stat. Ann. art. 2355 (1971). The general language of the opinion as to the unconstitutionality of Article 2351½(c) is, in view of the reason given therefor, wholly inapplicable to this case. Since the authority of the Commissioners Court to fill a vacancy in the office of Constable is statutory rather than constitutional, Article 2351½(c), as it relates to continuation in the office of Constable,

does not in any respect "collide" with the Constitution.

Even if the statute were unconstitutional as it relates to continuation in the office of Justice of the Peace, which we do not hold, it would not necessarily be unconstitutional in its relation to continuation in the office of Constable. In *W.U.T. Co. v. State of Texas*, 62 Tex. 630, 634 (1884), the Texas Supreme Court said:

"When, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, dependent on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the Legislature would have passed the one without the other. The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last fall. The point is not whether they are contained in the same section, for the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance. If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must stand."

■ Particularly applicable to the facts of this case is the holding in *City of Taylor v. Taylor Bedding Mfg. Co.*, 215 S.W.2d 215 (Tex.Civ.App.—Austin 1948, writ ref'd), wherein it was held that even if a statute is invalid when applied to certain persons, circumstances or subject matter, it may be valid as to other persons, circumstances or subject matter.

■ Other authorities supporting the proposition that the validity of the statute here in question must be considered in the light of its application to the office of Constable, regardless of its validity as applied to the office of Justice of the Peace, are: *Sharber v. Florence*, 131 Tex. 341, 115 S.W.2d 604 (1938); *Hatten v. City of Houston*, 373 S.W.2d 525 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.); *Houston Oil Co. of Texas v. Lawson*, 175 S.W.2d 716 (Tex.Civ.App.—Galveston 1943, writ ref'd); 12 Tex.Jur.2d *Constitutional Law* § 47 (1960).

Our holding that Article 2351½(c) is constitutional as to its application to the office of Constable is not to be construed as a holding or a suggestion that the statute is unconstitutional as to its application to the office of Justice of the Peace. Those two provisions of the statute are clearly severable. They relate to the continuation in two named, separate and distinct offices. The statute's severability as between those two offices is suggested by the fact that Tex. Const. art. V, § 28 provides for the filling of vacancies in one of them but not in the other. The question as to the validity of the provison for continuation in the office of Justice of the Peace is not before this Court in this case.

■ Franz took an oath of office and filed a bond upon his taking the office of Constable, Precinct No. 6, on January 1, 1973. After the redistricting became effective on July 1, 1973, he did not take another oath or file another bond. Maxon argues that Franz, by his failure to take a new oath and file a new bond, vacated the office of Constable, Precinct No. 5, under the provisions of Tex.Rev.Civ.Stat.Ann. art. 6883 (1960). We hold otherwise. Before the redistricting Franz held the office of Constable of the precinct in which he resided. The language of Article 2351½(c) provides that after the redistricting, ". . . he shall continue in office as . . . constable of that precinct for the remainder of the term to which he was elected or appointed." It does not matter that the num-

ber of the precinct in which Franz resided was changed from 6 to 5; he "continued" in the office in which he had been elected and for which he had already qualified by taking an oath and filing a bond. He was not required to so qualify again.

The points of error of the plaintiff have been considered and are overruled.

The judgment of the trial court is affirmed.