

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 17, 1992

Honorable David Motley
Kerr County Attorney
323-B Earl Garrett
Kerrville, Texas 78028

Opinion No. DM-75

Re: Construction of title 37, section 211.821(2), Texas Administrative Code, concerning licensing requirements for constables, where constable originally elected before September 1, 1985 seeks election to precinct newly created upon the elimination of original precinct through redistricting (RQ-253)

Dear Mr. Motley:

You have requested an opinion from this office concerning licensure requirements for constables. Specifically, you ask whether a constable who has been continuously reelected to office since before 1985 would be required to become licensed as a peace officer if he were elected constable from a precinct created upon the demise of his original precinct through redistricting. Section 415.053 of the Government Code provides that "[a]n officer elected under the Texas Constitution or a statute or appointed to fill a vacancy in an elective office must be licensed by the [Texas Commission on Law Enforcement Officer Standards and Education] not later than two years after the date that the officer takes office."[1] Section 415.015(c) of the code provides that chapter 415 "does not affect a constable or other officer or county jailer elected under the Texas Constitution before September 1, 1985 . . . ." Gov't Code § 415.015(c).

Chapter 415 of the Government Code concerns the education and licensing of law enforcement officers. The chapter establishes the Texas Commission on Law Enforcement Officer Standards and Education (TCLEOSE) and authorizes it to adopt rules to administer the implementation of the statutory provisions. *Id.*

---

[1]Constables are elected under article V, section 18, of the Texas Constitution.

§ 415.010(1). Accordingly, TCLEOSE has adopted the following regulation, which provides, in pertinent part:

> (i) The commission shall issue a permanent peace officer license to any peace officer, elected or appointed under the Texas Constitution after September 1, 1985, if that officer meets all the minimum standards for peace officer licensing, including the training and testing requirements. Such license shall be subject to revocation as any other peace officer license issued by the commission. This subsection shall not apply to:

> (1) a sheriff; or

> (2) a constable or any other constitutional peace officer who first assumed office before September 1, 1985, even if reelected after that date unless there was a break in office and that officer was then reelected after that date to that or another office as a constitutional peace officer.

37 T.A.C. § 211.82. In Attorney General Opinion JM-1149 (1990), this office applied section 211.82 in the case of a constable first elected before January 1, 1981, who left office December 31, 1984, and did not again assume it until January 1, 1989. The opinion upheld the validity of section 211.82 and found that the constable in question was not entitled to the exception from the 211.82(i)(2) mandatory licensure provision. In that opinion a break in service had clearly taken place. In the present case, the constable has been in office continuously since before September 1, 1985, and seeks to continue in office through reelection. The question you pose is whether the elimination of the constable's original precinct through redistricting would effect a break in his office, denying the constable the section 211.82(i)(2) exemption and requiring him to obtain a permanent peace officer license within two years of his election as constable of the newly created precinct. We conclude that a constable would not have a break in service under these circumstances, and thus would be exempt from the licensure requirements under section 211.82(i)(2).

Attorney General Opinion JM-1149 characterized section 211.82(i)(2) as a "grandfather clause." It exempts from the licensing requirement those who have

been in office continuously from the time immediately preceding September 1, 1985. One who leaves office loses the exemption if elected or appointed at a later time to the same or a different office as a constitutional peace officer. We do not believe that a constable "reelected" from a newly-created precinct encompassing his former precinct has left one office and assumed another in any but the most technical sense. As you point out in your brief, "the abolished precinct is located entirely within the geographic confines of the new precinct. All that will have changed is the precinct number and the addition of territory." Brief for Kerr County at 7-8.

Texas law recognizes in other contexts that a change in precinct because of redistricting does not result in a change of office for an incumbent or officer-elect from the original precinct. The case of *Maxon v. Franz*, for example, concerned a constable elected to office for a precinct which thereafter was eliminated through redistricting. *Maxon v. Franz*, 525 S.W.2d 714 (Tex. Civ. App.--Houston [14th Dist.] 1975, writ ref'd n.r.e.). Following the redistricting, the constable's residence was within a precinct created in the redistricting process, different from the one that he was elected to serve. The court ruled not only that the constable was entitled to serve out his term as constable of the precinct in which he resided (the new precinct), but also that he was not required to take a new oath of office or file another bond when redistricting became effective and he became the constable of Precinct 5 instead of Precinct 6. The court wrote, "It does not matter that the number of the precinct in which [the constable] resided was changed from 6 to 5; he *'continued'* in the office in which he had been elected and for which he had already qualified by taking an oath and filing a bond. He was not required to so qualify again." *Id.* at 717-18 (emphasis added); *see also* Tex. Const. art. V, § 18. We believe that a court, if asked to decide whether a constable in the situation you describe had left office so as to constitute a break in service for section 211.82(i)(2) purposes, would agree that no break in service had occurred. Therefore, the constable would be entitled to exemption from the licensure requirements under section 211.82(i) of title 37 of the Texas Administrative Code and sections 415.053 and 415.015(c) of the Government Code.

## SUMMARY

The elimination of a precinct through redistricting and the incumbent constable's election as constable for the new precinct created by the redistricting does not result in a "break in office" for the constable within section 211.82(i)(2) of title 37 of the Texas Administrative Code where the new precinct differs from

the old only in its number and the addition of territory. Under such circumstances, a constable who had been continuously re-elected from his precinct since before September 1, 1985, would be exempt from the Government Code section 415.053 requirement of licensure as a peace officer through Government Code section 415.015(c) and title 37, section 211.82(i)(2), of the Texas Administrative Code.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Faith S. Steinberg
Assistant Attorney General