

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 4, 2005

The Honorable Troy Fraser
Chair, Committee on Business and Commerce
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0373

Re: Whether a school district that contracts with a tax appraisal district to collect school district taxes may offer taxpayers an early payment discount (RQ-0344-GA)

Dear Senator Fraser:

On behalf of the Board of Trustees of the Killeen Independent School District ("KISD") and its Superintendent of Schools, you ask whether a school district may offer its taxpayers an early payment discount if, by interlocal agreement, a tax appraisal district collects the school district's taxes.[1] KISD informs us that it "has contracted with the Bell County Tax Appraisal District for the collection of property taxes from its taxpayers" and further states that it "offers discounts for the payment of said taxes in accordance with Section 31.05 of the Tax Code."[2]

Section 31.05 was amended by the 79th Legislature during the regular session. *See* Act of May 29, 2005, 79th Leg., R.S., H.B. 2491, ch. 1126, § 9, 2005 Tex. Sess. Law Serv. 3719, 3721 (to be codified at TEX. TAX CODE ANN. § 31.05(a)). However, as we will discuss below, the amendment provides for a transition period during which the prior law will continue to apply in certain circumstances. Accordingly, we will review an independent school district's authority to offer a discount in general and its specific authority under section 31.05 both as it read prior to the recent amendment and as it presently provides.

Article VIII, section 20 of the Texas Constitution authorizes the Legislature to establish discounts for prompt payment of state and governmental or political subdivision ad valorem taxes.[3]

---

[1]*See* Letter from Honorable Troy Fraser, Chair, Senate Committee on Business and Commerce, to Honorable Greg Abbott, Texas Attorney General (May 6, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Letter from Jim Hawkins, Ph.D., Superintendent of Schools, Killeen Independent School District, to Honorable Troy Fraser (May 5, 2005) (submitted as part of Request Letter, on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter KISD Letter].

[3]Article VIII, section 20 states:

> that in order to encourage the prompt payment of taxes, the Legislature shall have
> the power to provide that the taxpayer shall be allowed by the State and all

(continued...)

The constitution does not give local taxing units independent authority to grant a tax discount. *See City of Taylor v. Taylor Bedding Mfg. Co.*, 215 S.W.2d 215, 217 (Tex. Civ. App.–Austin 1948, writ ref'd) (holding that a city has no authority to extinguish ad valorem tax liabilities except as authorized by TEX. CONST. art. VIII, § 20 and enabling legislation). Accordingly, a taxing unit may offer statutory discounts only as established by the legislature under article VIII, section 20. *Id.*

Pursuant to its constitutional authority, the Legislature has provided for early payment discounts in section 31.05 of the Tax Code. *See* TEX. TAX CODE ANN. § 31.05 (Vernon 2001). Until its amendment during the regular session of the 79th Legislature, section 31.05 provided in pertinent part:

> (a) The governing body of *a taxing unit that collects its own taxes* may adopt the discounts provided by Subsection (b) or Subsection (c) of this section, or both, in the manner required by law for official action by the body. The discounts, if adopted, apply to taxes for a taxing unit for which the adopting taxing unit collects taxes if the governing body of the other unit, in the manner required by law for official action by the body, adopts the discounts or approves of their application to its taxes by the collecting unit . . . .

> (b) [stating the generally applicable discount]

> (c) [stating the discount available for bills mailed after September 30]

TEX TAX CODE ANN. § 31.05 (Vernon 2001) (emphasis added) (amended 2005).[4]

In two opinions this office has determined that a governmental entity may offer its taxpayers a discount only if authorized either by the first sentence in section 31.05(a), pertaining to taxing units that collect their own taxes, or by the second sentence, pertaining to taxing units the taxes of which are collected by another taxing unit. *See* Tex. Att'y Gen. Op. Nos. GA-0225 (2004) at 2-3, DM-171 (1992) at 3. In the most recent opinion, GA-0225, we considered whether a school district could continue to offer its taxpayers an early payment discount if its taxes were collected by a county that

---

[3](...continued)
> governmental and political subdivisions and taxing districts of the State a three per cent (3%) discount on ad valorem taxes due the State or due any governmental or political subdivision or taxing district of the State if such taxes are paid ninety (90) days before the date when they would otherwise become delinquent; and the taxpayer shall be allowed a two per cent (2%) discount on said taxes if paid sixty (60) days before said taxes would become delinquent; and the taxpayer shall be allowed a one per cent (1%) discount if said taxes are paid thirty (30) days before they would otherwise become delinquent. The Legislature shall pass necessary laws for the proper administration of this Section.

TEX. CONST. art. VIII, § 20.

[4]*Amended by* Act of May 29, 2005, 79th Leg., R.S., H.B. 2491, ch. 1126, § 9, 2005 Tex. Sess. Law Serv. 3719, 3721 (to be codified at TEX. TAX CODE ANN. § 31.05(a)).

no longer offered its own discount for county taxes. *See* Tex. Att'y Gen. Op. No. GA-0225 (2004) at 1. The school district there suggested that in section 31.05(a)'s first sentence, the phrase "a taxing unit that collects its own taxes" could be construed to mean a taxing unit authorized to collect its own taxes, even if another entity does the actual collecting. *Id.* at 2. We concluded that the section's plain language would not support such a construction. Instead, we determined that the phrase "a taxing unit that collects its own taxes" means a taxing unit that literally collects its own taxes. *Id.* Accordingly, the section's first sentence did not authorize a taxing unit to offer a discount if its taxes were collected by another taxing unit. We also determined that the section's second sentence would not allow a taxing unit to offer a discount if its taxes were collected by another taxing unit that did not offer the discount. *Id.* at 2-3.

KISD has asserted that the principles discussed in GA-0225 should not prevent it from offering a discount, because the appraisal district that collects KISD's taxes is not a "taxing unit." KISD Letter, *supra* note 2. A political unit is not a "taxing unit" for property tax purposes unless it is "authorized to impose and is imposing ad valorem taxes on property." TEX. TAX CODE ANN. § 1.04(12) (Vernon 2001).[5] Tax appraisal districts are not authorized to impose an ad valorem tax. *See generally* TEX. TAX CODE ANN. §§ 6.01-.14 (Vernon 2001 & Supp. 2004-05) (Tax Code chapter 6, subchapter A, governing tax appraisal districts). Therefore, a tax appraisal district is not a taxing unit, and as KISD points out, the second sentence of section 31.05(a) does not apply to taxing units whose taxes are collected by a tax appraisal district. *See* KISD Letter, *supra* note 2. But under section 31.05(a) as it read prior to amendment during the regular session of the 79th Legislature, a taxing unit without authority under subsection (a)'s second sentence could offer a discount only if it was a "taxing unit that collects its own taxes" under the subsection's first sentence. TEX. TAX CODE ANN. § 31.05(a) (Vernon 2001). Before its recent amendment, section 31.05(a) did not authorize an independent school district that did not collect its own taxes to offer an early payment discount. *Id.*; *cf. also* Tex. Att'y Gen. Op. No. DM-470 (1990) at 4-5 (when county taxes are collected by another entity, the county tax collector is not actively engaged in tax collection).

The recent amendment to section 31.05 of the Tax Code eliminated the phrase that restricted the authority to grant an early payment discount to a "taxing unit that collects its own taxes." Act of May 29, 2005, 79th Leg., R.S., H.B. 2491, ch. 1126, § 9, 2005 Tex. Sess. Law Serv. 3719, 3721

---

[5]As the Tax Code defines the term:

> (12) "Taxing unit" means a county, an incorporated city or town (including a home-rule city), a school district, a special district or authority (including a junior college district, a hospital district, a district created by or pursuant to the Water Code, a mosquito control district, a fire prevention district, or a noxious weed control district), or any other political unit of this state, whether created by or pursuant to the constitution or a local, special, or general law, that is authorized to impose and is imposing ad valorem taxes on property even if the governing body of another political unit determines the tax rate for the unit or otherwise governs its affairs.

TEX. TAX CODE ANN. § 1.04(12) (Vernon 2001).

(to be codified at TEX. TAX CODE ANN. § 31.05(a)).[6] Giving effect to that deletion, section 31.05(a) must be construed as authorizing a taxing unit to offer an early payment discount regardless of whether the taxing unit collects its own taxes. *See Gateley v. Humphrey*, 254 S.W.2d 98, 101 (1952) (holding that the fact that significant words are omitted from the re-enactment or amendment of a statute "imports a conclusive presumption that the Legislature intended to exclude the object theretofore accomplished by the abandoned words"). If a noncollecting taxing unit adopts a discount, however, section 31.05 of the Tax Code now authorizes a taxing unit that collects the noncollecting taxing unit's taxes to prepare and mail separate tax bills and charge an additional fee for doing so. *See* Act of May 29, 2005, 79th Leg., R.S., H.B 2491, ch. 1126, § 9, 2005 Tex. Sess. Law Serv. 3719, 3721 (to be codified at TEX. TAX CODE ANN. § 31.05(a)).

The amendment's general effective date is September 1, 2005. *Id.* § 30 at 3733. The amendment generally applies to a taxing unit's adoption of a discount beginning with the 2005 tax year, which began on January 1, 2005. *Id.* § 29(c) at 3732. However, for taxing units that mailed bills for the 2005 tax year prior to September 1, 2005, the amendment does not apply until the 2006 tax year; "and the law in effect when the bills were mailed applies to the 2005 tax year with respect to that taxing unit." *Id.* § 29(d) at 3732. Consequently, a taxing unit that does not collect its own taxes and whose tax bills for the 2005 tax year were mailed prior to September 1, 2005 may not offer a section 31.05 discount for the 2005 tax year but may do so beginning with the 2006 tax year. On the other hand, a taxing unit whose tax bills are mailed on or after September 1, 2005 may offer such a discount for the 2005 tax year and subsequent years. To the extent that they state that a taxing unit that does not collect its own taxes may not offer a discount inconsistent with the discount offered by that of the collecting unit, Attorney General Opinions GA-0225 (2004) and DM-171 (1992) are superseded in part by statute.

---

[6]Section 9 of the amendment provides:

> (a) The governing body of a taxing unit that collects its own taxes may adopt the discounts provided by Subsection (b) or Subsection (c) of this section, or both, in the manner required by law for official action by the body. The discounts, if adopted, apply *only* to *that taxing unit's* taxes for a taxing unit for which the adopting taxing unit collects taxes if the governing body of the other unit, in the manner required by law for official action by the body, adopts the discounts or approves of their application to its taxes by the collecting unit. If a taxing unit adopts both discounts under Subsections (b) and (c) of this section, the discounts adopted under Subsection (b) apply unless the unit mails its tax bills *for the unit are mailed* after September 30, in which case only the discounts under Subsection (c) apply. *A taxing unit that collects taxes for another taxing unit that adopts the discounts may prepare and mail separate tax bills on behalf of the adopting taxing unit and may charge an additional fee for preparing and mailing the separate tax bills and for collecting the taxes imposed by the adopting taxing unit. If under an intergovernmental contract a county assessor-collector collects taxes for a taxing unit that adopts the discounts, the county assessor-collector may terminate the contract if the county has adopted a discount policy that is different from the discount policy adopted by the adopting taxing unit.*

Act of May 29, 2005, 79th Leg., R.S., H.B. 2491, ch. 1126, § 9, 2005 Tex. Sess. Law Serv. 3719, 3721 (to be codified at TEX. TAX CODE ANN. § 31.05(a)) (deletions shown as stricken, additions in italics).

## S U M M A R Y

Prior to its amendment, Tax Code section 31.05(a) did not authorize an independent school district to adopt an early payment discount when the school district did not collect its own taxes but instead had contracted for the county appraisal district to collect school district taxes.  Under section 31.05(a), as amended during the regular session of the 79th Legislature, an independent school district may offer such a discount regardless of the entity that collects its taxes; whether the discount applies to the 2005 tax year or the 2006 tax year depends on whether the district's tax bills were mailed on or after September 1, 2005.

Attorney General Opinions GA-0225 (2004) and DM-171 (1992) are superseded in part by statute.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee